UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GLYNN E. TALLEY, JR.                                    CIVIL ACTION

VERSUS                                                  NO. 11-1768

MICHAEL J. ASTRUE, COMMISSIONER                         SECTION "B" (3)
SOCIAL SECURITY ADMINISTRATION

## REPORT AND RECOMMENDATION

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA") and supplemental security income benefits ("SSI") under Title XVI of the SSA. The matter has been fully briefed on cross-motions for summary judgment and is ripe for review. For the following reasons, IT IS RECOMMENDED that plaintiff's motion for summary judgment be denied, the Commissioner's cross-motion be granted, and plaintiff's case be dismissed with prejudice.

## I.     BACKGROUND

Plaintiff filed applications for a period of disability and for DIB and SSI on May 18, 2009, alleging a disability onset date of September 1, 2003. (Adm. Rec. at 80-91). Plaintiff alleged disability due to "[s]pinal injury, right arm and shoulder problems." (*Id.* at 97). Plaintiff, born on February 28, 1962, was 47 years old on the date on which he alleged disability and 48 years old at the time of the final administrative decision. (*Id.* at 80). Plaintiff has a high school education and

past work experience as a boiler maker helper, deck hand and marine engineer. (*Id.* at 21).

Defendant initially denied plaintiff's application on August 20, 2009. (*Id.* at 44-51). Plaintiff sought an administrative hearing, which the agency held on April 27, 2010. (*Id.* at 26-41). Plaintiff and vocational expert John Yent both testified at the hearing.

On May 21, 2010, the administrative law judge ("ALJ") issued a decision in which he found that plaintiff did not meet the definition of disability through the date of the decision. (*Id.* at 15-22). In the decision, the ALJ concluded that plaintiff has the severe impairments of degenerative arthritis in his right shoulder and bulging at his C6-7 intervertebral disc. (*Id.* at 17). The ALJ held that plaintiff did not have an impairment or a combination of impairments that meets or medically equals a listed impairment under the regulations. (*Id.* at 18). The ALJ found that plaintiff retained the residual functional capacity ("RFC") to perform light work except that he can not "do overhead lifting with his right arm." (*Id.*). He concluded that plaintiff could not perform his past work, but that, after consideration of plaintiff's age, education and work experience and in conjunction with the Medical-Vocational Guidelines, his RFC would not preclude performing work that exists in significant numbers in the national economy. (*Id.* at 21). The ALJ thus denied plaintiff's application for DIB and SSI. (*Id.* at 22).

Plaintiff asked the Appeals Council to review the ALJ's conclusion that he was not disabled. (*Id.* at 8-9). On June 6, 2010, the Appeals Council denied plaintiff's request. (*Id.* at 1-3). Plaintiff then timely filed this civil action.

## II. STANDARD OF REVIEW

The function of a district court on judicial review is limited to determining whether there is

"substantial evidence" in the record, as a whole, to support the final decision of the Commissioner as trier of fact, and whether the Commissioner applied the appropriate legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir.1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Carriere v. Sullivan*, 944 F.2d 243, 245 (5th Cir.1991). If the Commissioner's findings are supported by substantial evidence, this Court must affirm them. *Martinez*, 64 F.3d at 173.

"Substantial evidence" is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401(1971); *Masterson v. Barnhart,* 309 F.3d 267, 272 (5th Cir. 2002). It is more than a scintilla, but may be less than a preponderance. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir.1993). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision. *See Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2002).

A district court may not try the issues *de novo*, re-weigh the evidence, or substitute its own judgment for that of the Commissioner. *Carey v. Apfel,* 230 F.3d 131, 135 (5th Cir. 2000); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995); *Spellman*, 1 F.3d at 360. The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible. *See Arkansas v. Oklahoma*, 503 U.S. (1992). Conflicts in the evidence are for the Commissioner to resolve, not the courts. *Carey,* 230 F.3d at 135. Any of the Commissioner's findings of fact that are supported by substantial evidence are conclusive. *Ripley*, 67 F.3d at 555. Despite this Court's limited function on review, the Court must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether substantial

evidence exists to support it. *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir.1992); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir.1990).

## III.   ENTITLEMENT TO BENEFITS UNDER THE ACT

To be considered disabled and eligible for disability benefits under the Act, plaintiff must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant, such as the plaintiff, is considered disabled only if his physical or mental impairment is so severe that he is unable to do not only his previous work, but cannot, considering his age, education and work experience, participate in any other kind of substantial gainful work which exists in significant numbers in the national economy, regardless of whether such work exists in the area in which he lives, whether a specific job vacancy exists, or whether he would be hired if he applied for work. 42 U.S.C. § 1382(a)(3)(B). The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability. 20 C.F.R. §§ 404.1501 - 404.1599 & Appendices, §§ 416.901 t - 416.988 (1995). The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any substantial gainful activity. *Id*. §§ 404.1520, 416.920; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994).

In *Shave v. Apfel*, 238 F.3d 592 (5th Cir.2001), the Fifth Circuit restated the five-step procedure to make a disability determination under the Social Security Act:

The Social Security Act defines "disability" as the "inability to engage in any

4

substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed. First, the claimant must not be presently working at any substantial gainful activity. Second, the claimant must have an impairment or combination of impairments that are severe. An impairment or combination of impairments is "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." Third, the claimant's impairment must meet or equal an impairment listed in the appendix to the regulations. Fourth, the impairment must prevent the claimant from returning to his past relevant work. Fifth, the impairment must prevent the claimant from doing any relevant work, considering the claimant's residual functional capacity, age, education and past work experience. At steps one through four, the burden of proof rests upon the claimant to show he is disabled. If the claimant acquits this responsibility, at step five the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. If the Commissioner meets this burden, the claimant must then prove he in fact cannot perform the alternate work.

*Shave*, 239 F.3d at 594 (quoting *Crowley v. Apfel*, 197 F.3d 194 (5th Cir.1999)). If the ALJ determines that a plaintiff is not disabled under Step V of the five-part test, the ALJ must establish that the claimant has a "residual functional capacity," given the claimant's age, education, and past work experience, to perform other work available in the national economy. *Leggett v. Chater*, 67 F.3d 558, 564 n.11 (5th Cir. 1995). Step V also requires the Commissioner to use the medical-vocational guidelines to make his disability determination. *Id.*

The four elements of proof weighed to determine whether evidence of disability is substantial are: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir.1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Id.*

5

**IV. ISSUES ON APPEAL**

There are three issues on appeal:

(1) Whether substantial evidence supports the ALJ's decision not to accord controlling weight to the opinions of plaintiff's treating physician.

(2) Whether substantial evidence supports the ALJ's conclusion that plaintiff was not credible.

(3) Whether the ALJ erred when he failed to take into account plaintiff's subjective complaints of medication side effects when he determined plaintiff's RFC.

**V. ANALYSIS**

**1. Whether substantial evidence supports the ALJ's decision not to afford controlling weight to the opinions of plaintiff's treating physician.**

Plaintiff argues that the ALJ improperly failed to accord controlling weight to the opinions of plaintiff's treating physician, improperly failed to seek clarification or additional evidence from his treating physician and improperly rejected the opinions of the treating physician. Defendant contends that substantial evidence supports the ALJ's decision to do so.

On February 26, 2010, plaintiff's treating physician, Dr. Adrian Talbot, completed a form entitled "Physical Capacity Evaluation." (Adm. Rec. at 183-85). Talbot opined that plaintiff can stand, walk and sit less than two hours in an eight-hour workday; lift 11-20 pounds on an occasional basis and less than 10 pounds on a frequent basis; and occasionally bend, kneel, squat, crawl and climb stairs. (*Id.* at 183-84). Talbot also opined that plaintiff can never climb ladders, can not reach above shoulder level and can not use his hands for repetitive pushing and pulling. (*Id.* at 184). Apart from Talbot's opinion regarding plaintiff's inability to lift weight and to reach overhead with his right arm, the ALJ rejected Talbot's assessments. (*Id.* at 18, 20).

Ultimately, the ALJ concluded:

> Considering the foregoing criteria and based on the evidence already described, the undersigned does not accord controlling weight to the opinion of Dr. Talbot . . . . First, the claimant has never been hospitalized for his impairments and consistently takes the same medications, suggesting that the claimant's impairments are controlled through his current medication usage. Second, the medical evidence, as noted herein, does not support the claimed limitations and Dr. Talbot does not identify any records supporting the claimed limitations. Third, Dr. Talbot's assessment is based upon the subjective opinions of the claimant rather than objective findings. Additionally, an overwhelming majority of the claimant's progress notes with Dr. Talbot indicate that the claimant's medication was helping and he had no new complaints. Fourth, the claimant's visits with Dr. Talbot are routine monthly visits and lack of [sic] abnormal findings (clinical, diagnostic, and laboratory). As a result, the evidence does not provide any objective signs that the claimant cannot sustain the demands of light work as suggested by Dr. Talbot. Thus, the "opinions" asserted by Dr. Talbot are useless and given no weight.

(*Id.* at 20).

The opinion of a treating physician familiar with a claimant's impairments, treatments and responses, should be accorded great weight in determining disability. *See Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). A treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with . . . other substantial evidence." *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995) (citing 20 C.F.R. § 404.1527(d)(2)). "The opinion of a specialist generally is accorded greater weight than that of a non-specialist." *Paul v. Shalala*, 29 F.3d 208, 211 (5th Cir. 1994).

7

Even though the opinion and diagnosis of a treating physician should be accorded considerable weight in determining disability, "the ALJ has sole responsibility for determining a claimant's disability status." *Id.* "[T]he ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Id.* The treating physician's opinions are not conclusive. *See Brown v. Apfel*, 192 F.3d 492, 500 (5th Cir. 1999). The opinions may be assigned little or no weight when good cause is shown. *Greenspan*, 38 F.3d at 237. Good cause may permit an ALJ to discount the weight of a treating physician relative to other experts when the treating physician's evidence is conclusory, is unsupported by medically-acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence. *See Brown*, 192 F.3d at 500; *Greenspan*, 38 F.3d at 237; *Paul*, 29 F.3d at 211.

Social Security Administration ("SSA") Regulations provide that the SSA "will always give good reasons in [its] notice of determination or decision for the weight [it gives the claimant's] treating source's opinion" and list factors that an ALJ must consider to assess the weight to be given to the opinion of a treating physician when the ALJ determines that it is not entitled to controlling weight. *See* 20 C.F.R. § 404.1527(d)(2). Specifically, this regulation requires consideration of

> (1) the physician's length of treatment of the claimant,
> (2) the physician's frequency of examination,
> (3) the nature and extent of the treatment relationship,
> (4) the support of the physician's opinion afforded by the medical evidence of record,
> (5) the consistency of the opinion with the record as a whole; and
> (6) the specialization of the treating physician.

The regulation is construed in Social Security Ruling ("SSR") 96-2p, which states:

> [A] finding that a treating source medical opinion is not well supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. 404.1527 and 416.927. In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted even if it does not meet the test for controlling weight.

Social Security Ruling ("SSR") 96-2p, 61 F.R. 34490, 34491 (July 2, 1996). SSR 96-5p provides, with respect to "Residual Functional Capacity Assessments and Medical Source Statements," that "Adjudicators must weigh medical source statements under the rules set out in 20 C.F.R. 404.1527 . . ., providing appropriate explanations for accepting or rejecting such opinions." SSR 96-5p, 61 F.R. 34471, 34474 (July 2, 1996).

Several federal courts have concluded that an ALJ is required to consider each of the Section 404.1527(d) factors when the ALJ intends to reject or give little weight to a treating specialist's opinion. *See Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998); *Goatcher v. U.S. Dep't of Health & Human Servs.*, 52 F.3d 288, 290 (10th Cir. 1995); *Dwyer v. Apfel*, 23 F. Supp. 2d 223, 228 (N.D.N.Y. 1998); *Amidon v. Apfel*, 3 F. Supp. 2d 350, 355-56 (W.D.N.Y. 1998); *McDonald v. Apfel*, No. CA 3-97-CV-2035-R, 1998 WL 159938, *8 (N.D. Tex. Mar. 31, 1998). In *Newton v. Apfel*, the Fifth Circuit agreed and held that an ALJ is required to consider each of the Section 404.1527(d) factors before declining to give any weight to the opinions of the claimant's treating specialist. 209 F.3d 448, 456 (5th Cir. 2000).

Here, the ALJ explicitly cited Section 404.1527 and the factors that he must consider under *Newton*. The ALJ considered that Talbot had treated plaintiff since 2005 and that plaintiff visited

9

Talbot approximately once a month to renew his prescriptions. (Adm. Rec. at 18-19). Given the ALJ's review of the objective medical evidence in his opinion, it is evident that he considered the support, if any, of Talbot's conclusory opinion and the consistency of Talbot's opinion with the record as a whole. (*Id.* at 18-20). Lastly, there is no evidence in the record that Talbot is a specialist. And while plaintiff cites the Court to evidence in the record that may support Talbot's opinions, it is not the Court's duty to re-weigh the evidence or substitute its own judgment for that of the Commissioner. *Carey*, 230 F.3d at 135. As long as substantial evidence supports the ALJ's conclusion, it must be upheld.

Here, the ALJ noted that plaintiff has never been hospitalized for his impairments, and plaintiff's impairments are controlled through medication. (Adm. Rec. at 20); *see also Garcia v. Astrue*, 293 Fed. Appx. 243, 246 (5th Cir. 2008) (finding no disability when medication controlled plaintiff's headaches). And while Talbot attributed plaintiff's limitations to degenerative arthritis and labrum tear and pain and medication side effects (Adm. Rec. at 184), many of Talbot's progress reports indicate that the medication helped and that plaintiff had no new complaints. (*Id.* at 20, 222, 225-30, 232-36, 238-40). In addition, plaintiff notes that Talbot also attributed plaintiff's limitation to the side effects of his medication. (*Id.* at 223). Notwithstanding this diagnosis, plaintiff fails to cite any objective evidence to the Court of any complaints of side effects. (*Id.* at 20-21). Plaintiff contends that Dr. John Boutte's physician summaries and other evidence supports his argument that the ALJ erred on this issue. Notwithstanding Boutte's diagnosis of chronic pain, he only recommended that plaintiff continue his pain management with Talbot, a management plan that the ALJ concluded appeared to be working given Talbot's progress notes. Moreover, and as noted

above, it is not the Court's duty to re-weigh the evidence, and the Court finds that substantial evidence supports the ALJ's conclusion not to afford controlling weight to Talbot's conclusory Physical Capacity Evaluation.

Plaintiff also asks the Court to remand this matter to the ALJ on the ground that he failed to seek clarification from Talbot. But only if the ALJ determines that the treating physician's records are inconclusive or otherwise inadequate to receive controlling weight, absent other medical opinion evidence based on personal examination or treatment of the claimant, must the ALJ must seek clarification or additional evidence from the treating physician in accordance with 20 C.F.R. § 404.1512(e). *Newton*, 209 F.3d at 453. That is not the case here. The ALJ did not determine that Talbot's records were inconclusive or inadequate; he simply found that the objective medical evidence in the record did not support Talbot's opinions. Accordingly, this argument fails.

> **2. Whether substantial evidence supports the ALJ's conclusion that plaintiff was not credible.**

Plaintiff next contends that the ALJ erred when he determined that plaintiff was not credible. At the administrative hearing, plaintiff testified that his neck, back and right shoulder cause him a significant amount of pain. (Adm. Rec. at 31). He testified that he has "problems just getting dressed or lifting" and that sitting, standing, walking and bending increase the pain in his back. (*Id.* at 32-33). He further testified that he can sit for approximately 40 minutes, stand for an hour and walk 50 yards before he experiences pain. (*Id.* at 34). He stated that he can not work because of the pain and concentration problems caused by side effect from his medication. (*Id.* at 33-35). Plaintiff contends that his statements at the hearing and the objective medical evidence in the record

11

refute the ALJ's conclusion here.

"[P]ain may constitute a non-exertional impairment that limits the range of jobs a claimant otherwise would be able to perform." *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987). As pain alone can be disabling, the ALJ must give consideration to the claimant's subjective complaints of pain; and the ALJ has a duty to make affirmative findings regarding the credibility of the claimant's assertions regarding pain. *See Scharlow v. Schweiker*, 655 F.2d 645, 648-49 (5th Cir. 1981) (reversing decision of Commissioner because ALJ failed to rule on credibility of claimant's subjective complaints of pain). The Commissioner has discretion to determine the disabling nature of the claimant's pain. *Wren v. Sullivan*, 925 F.2d 123, 128 (5th Cir.1991). Pain constitutes a disabling condition only when it is "constant, unremitting, and wholly unresponsive to therapeutic treatment." *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994) (internal quotation marks omitted). "There must be clinical or laboratory diagnostic techniques which show the existence of a medical impairment which could reasonably be expected to produce the pain alleged." *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

An ALJ is required to evaluate the intensity, persistence, and limiting effects of a plaintiff's symptoms to determine whether and how much his symptoms limit his ability to work. SSR 96-7p, 1996 WL 374186, *1. This inquiry requires a determination whether plaintiff's subjective complaints were credible. *Id.*

> In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant

evidence in the case record.

SSR 96-7p, 1996 WL 374186, *1.

The ALJ's determinations of the weight and credibility of the evidence "are entitled [to] considerable deference." *Jones v. Bowen*, 829 F.2d 524, 527 (5th Cir. 1987). "While it is clear that the ALJ must consider subjective evidence of pain, it is within his discretion to determine its debilitating nature." *Id.* (citations omitted).

Notwithstanding plaintiff's testimony at the administrative hearing, the ALJ concluded that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment," *i.e.*, plaintiff's ability to perform light work that would not involve overhead lifting with his right arm or to understand, remember or carry out more than simple instructions. (*Id.* at 19).

In reaching this conclusion, the ALJ summarized the objective medical evidence and the clinical findings of Talbot and expressly discredited the opinion of Talbot. The ALJ also considered plaintiff's testimony about the extent of his pain and limitations on his daily activities caused by pain and depression. The ALJ made express findings about the credibility of plaintiff's subjective complaints. Those findings were based on a review of the medical records and plaintiff's own testimony. As noted above, the ALJ twice noted that plaintiff's medication helped and that he had no new complaints of pain. (*Id.* at 20, 222, 225-30, 232-36, 238-40). To be disabling, pain must be wholly unresponsive to therapeutic treatment. *Falco v. Shalala*, 27 F.3d 160, 163. Notwithstanding the ALJ's credibility determination, Talbot's progress notes reveal that plaintiff's pain was not

13

wholly unresponsive to therapeutic treatment. The ALJ thus complied with SSR 96-7p.

### 3. Whether the ALJ erred when he failed to take into account plaintiff's subjective complaints of medication side effects when he determined plaintiff's RFC.

Lastly, plaintiff contends that the ALJ erred when he failed to account for plaintiff's medication side effects when he determined plaintiff's RFC. Plaintiff argues that his testimony at the administrative hearing and Talbot's notation that he suffers from medication side effects supports this argument.

Plaintiff cites the Court to no objective medical evidence in the record to support his argument, and the ALJ noted this. (*Id.* at 19-20). Notwithstanding this utter lack of objective medical evidence, the ALJ accommodated plaintiff's subjective claim of side effects in the form of limited concentration by incorporating a limitation to work that involves no more than simple instructions. (*Id.* at 18). Accordingly, this claim lacks merit.

## VI. CONCLUSION

Plaintiff has failed to demonstrate that substantial evidence does not support the ALJ's conclusions here. Accordingly,

**IT IS RECOMMENDED** that the plaintiff's Motion for Summary Judgment be DENIED, the Commissioner's Cross-Motion be GRANTED and that plaintiff's complaint be DISMISSED WITH PREJUDICE.

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b).

A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 7th day of May, 2012.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**