**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **Glynn E. Talley** | * | **CIVIL ACTION** |
| | * | |
| **versus** | * | **No. 11-1768** |
| | * | |
| **Michael J. Astrue,** | * | |
| **Commissioner Social Security Administration** | * | **Section B(3)** |

## ORDER AND REASONS

**IT IS ORDERED** that Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (Rec. Doc. No. 15) are **OVERRULED**, and that the Magistrate Judge's Report and Recommendation (Rec. Doc. No. 14) are **ADOPTED** as this Court's opinion. **IT IS FURTHER ORDERED** that the captioned action is **DISMISSED WITH PREJUDICE**.

## PROCEDURAL HISTORY

On May 18, 2009, Plaintiff filed applications for a period of disability and for disability insurance benefits under Title II, and supplemental income benefits under Title XVI, of the Social Security Act. (Rec. Doc. No. 14 at 1). Plaintiff was 47 years of age at the time he alleged disability and 48 years of age at the time of the final administrative decision. *Id.* He attributes his disability to "spinal injury, right arm, and shoulder problems." *Id.* He has a high school education and has worked previously as a boiler-maker helper, deck hand, and marine engineer. *Id.* at 1-2.

Initially, on August 20, 2009, the Commissioner denied Plaintiff's application. *Id.* at 2. Plaintiff sought an

1

administrative hearing, which the agency held on April 27, 2010. *Id.* On May 21, 2010, the administrative law judge ("ALJ") found that Plaintiff did not meet the definition of disability through the date of the decision. *Id.* The ALJ concluded that Plaintiff has severe impairments of degenerative arthritis in his right shoulder and bulging at his C6-7 intervertebral disc. *Id.* Nevertheless, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals a listed impairment under the regulations. *Id.*

Additionally, the ALJ found that although Plaintiff cannot lift objects over his head with his right arm, he retained the residual functional capacity ("residual capacity") to perform light work. *Id.* Plaintiff cannot perform his previous work. *Id.* Nevertheless, given Plaintiff's age, education, and work experience, in conjunction with the Medical-Vocational Guidelines, the ALJ concluded that Plaintiff's residual capacity would not preclude him from performing work that exists in significant numbers in the national economy. *Id.* For these reasons, the ALJ denied Plaintiff's application for disability benefits and supplemental benefits. *Id.*

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's conclusion that he was not disabled. *Id.* On June 6, 2010, the Appeals Council denied Plaintiff's request, and he timely filed this civil action. *Id.* On October 11, 2011, Plaintiff

filed a Motion for Summary Judgment, claiming no genuine issue of material fact existed. (Rec. Doc. No. 12). In response, the Commissioner filed a cross-motion for Summary Judgment on January 6, 2012. (Rec. Doc. No. 13).

The Magistrate Judge issued his Report and Recommendation on May 7, 2012, recommending that Plaintiff's Motion for Summary Judgment (Rec. Doc. No. 12) be denied, that the Commissioner's Cross-Motion (Rec. Doc. No. 13) be granted, and that Plaintiff's claims be dismissed with prejudice. (Rec. Doc. No. 14). Plaintiff filed his Objections to the Magistrate Judge's Report and Recommendation on May 19, 2012. (Rec. Doc. No. 15).

## LAW AND ANALYSIS

### A. Standard of Review

A district court's review is limited to determining (1) whether the final decision of the Commissioner is supported by substantial evidence, as a whole, in the record, and (2) whether the Commissioner applied the appropriate legal standards to evaluate the evidence. 42 U.S.C. § 405(g); *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). A district court may not try the issues *de novo*, re-weigh the evidence, or substitute its own judgment for that of the Commissioner. *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995).

#### 1. Consideration of Evidence in the Record as a Whole

Plaintiff contends that the Magistrate Judge's Report and

Recommendation does not consider evidence of record that may be contrary to the Commissioner's findings. (Rec. Doc. No. 15 at 1). A court, on review, must consider not only evidence that is favorable to the Commissioner, but also that which is contrary.[1] *Higginbotham v. Barnhart*, 405 F.3d 332, 335 (5th Cir. 2005) (citing *Randall v. Sullivan*, 956 F.2d 105, 109 (5th Cir. 1992)). However, a court may not re-weigh the evidence. *Carey*, 230 F.3d at 135. If the Commissioner's findings are supported by substantial evidence, they are conclusive and must be affirmed by this Court. *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). The United States Court of Appeals for the Fifth Circuit has held that "[a] finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Boyd. v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (quoting *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000)).

Substantial evidence is that which is relevant and sufficient for a reasonable person to accept it as adequate to support a conclusion. *Martinez*, 64 F.3d 172 at 173 (quoting *Villa v. Sullivan*, 895 F.2d 1019, 1021-22 (5th Cir. 1990)). It is more than a scintilla, but may be less than a preponderance of the evidence. *Masterson v. Barnhart,* 309 F.3d 267, 272 (5th Cir. 2002) (citing

---

[1] Other Circuits have held that it is not necessary for an ALJ to specifically discuss every piece of evidence in the record. *See, e.g., McFadden v. Astrue*, 465 Fed. Appx. 557, 559 (7th Cir. 2012) ("Indeed an ALJ may not ignore entire lines of evidence contrary to . . . but she need not discuss every piece of evidence in the record.").

4

*Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). A district court should presume that conflicts in the evidence were resolved by the Commissioner. *Grueber v. Astrue*, No. 11-1135, 2012 WL 1247212, at *2 (E.D. La. April 13, 2012). Any conflicts in the evidence are for the Commissioner to resolve, not the courts. *Carey*, 230 F.3d at 135.

In the instant case, as the Magistrate Judge noted, this Court cannot "re-weigh the evidence or substitute its own judgment for that of the Commissioner." (Rec. Doc. No. 14 at 10). The presumption that conflicting evidence (including that which is contrary to the Commissioner's findings) was resolved by the Commissioner supports the Magistrate Judge's Recommendation. *See Grueber*, 2012 WL 1247212, at *2. The record also supports the conclusion that the ALJ's decision was supported by credible evidentiary weight. *See* (Adm. Rec. at 20). Thus, looking to the record as a whole, the ALJ and the Magistrate Judge considered evidence which was contrary to the Commissioner's findings, and both still determined that Plaintiff was not disabled within the meaning of that term under the Social Security Act.

**2. Controlling Weight of the Treating Physician's Opinions and the Plaintiff's Credibility**

Plaintiff asserts that substantial evidence does not support the ALJ's rejection of Dr. Talbot's opinions. (Rec. Doc. No. 15 at 2). A treating physician's opinions should be accorded great weight

5

in determining disability. *See Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). However, the physician's opinions are not conclusory. *Greenspan*, 38 F.3d at 237. The Commissioner may give the physician's testimony less weight, little weight, or even no weight where good cause is shown.[2] *Id*. Similarly, the ALJ has discretion to "determine the credibility of medical experts as well as lay witnesses." *Brown, 192 F.3d at 500*; *Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985).

In the instant case, the ALJ decided not to "accord controlling weight to the opinion of Dr. Talbot." (Adm. Rec. at 20). The ALJ "explicitly cited Section 404.1527 and the factors he must consider" under *Newton v. Apfel* in declining to accord Dr. Talbot's opinions controlling weight.[3] (Rec. Doc. No. 14 at 9). The Magistrate Judge noted the specific factors that the ALJ considered in determining that the objective medical evidence in the record did not support Dr. Talbot's opinions. *See id.* at 10-11.

Second, Plaintiff objects to the ALJ's findings concerning his own credibility. (Rec. Doc. No. 15 at 2). The ALJ's determination

---

[2] Examples of good cause include, but are not limited to, situations where the physician's opinions are unsupported by medically-acceptable clinical, laboratory, or diagnostic techniques, or otherwise not supported by the evidence. *Brown*, 192 F.3d at 500; *Greenspan*, 38 F.3d at 237.

[3] According to 20 C.F.R. § 404.1527(c)(2), an ALJ must consider: (1) the physician's length of treatment of the claimant; (2) the physician's frequency of examination; (3) the nature and extent of the treatment relationship; (4) the support of the physician's opinion afforded by the medical evidence of the record; (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the treating physician.

of credibility should be given considerable deference. *Jones v. Bowen*, 829 F.2d 524, 527 (5th Cir. 1987). It is within the discretion of the ALJ to determine the debilitating nature of a claimant's pain, considering subjective evidence. *Id.* (citing *Scharlow v. Schweiker*, 655 F.2d 645, 648 (5th Cir. 1981)). Here, the ALJ made findings based on a review of the medical records, as well as Plaintiff's testimony. (Rec. Doc. No. 14 at 10). That testimony included Plaintiff's statements regarding the extent of his pain and limitations on his daily activities caused by pain and depression. *Id.* The record also indicates that the ALJ considered Plaintiff's testimony, as well as the objective medical evidence in the record; this decision is within the ALJ's discretion. *Id.*; *Jones*, 829 F.2d at 527.

**3. Determination of Plaintiff's Residual Functional Capacity**

An ALJ must consider "objective medical facts, diagnoses, medical opinions based on such facts, and subjective evidence of pain or disability" when determining an applicant's residual capacity. *Hobbs v. Astrue*, 627 F. Supp. 2d 719, 728 (W.D. La. 2009) (citing 20 C.F.R. § 404.1545(a)). An ALJ may not substitute his own opinion for that of the supported *and* unrefuted diagnosis of the treating physician, particularly if the physician is a specialist. *Id.* at 729 (citing *Frank v. Barnhart*, 326 F.3d 618 (5th Cir. 2003)). When analyzing a claimant's pain and symptoms to assess residual capacity, the ALJ will consider, *inter alia*, side effects

7

of medication. 20 C.R.F. § 404.1529; 20 C.R.F. § 416.929. However, determining whether "an applicant is 'disabled' or 'unable to work' . . . are *legal* conclusions" for the Commissioner to decide. *Miller v. Barnhart*, 211 Fed. Appx. 303, 305 (5th Cir. 2006) (emphasis added); *Frank,* 326 F.3d at 620.

In the instant case, the ALJ determined Plaintiff's residual capacity in light of the objective medical evidence, as well as Plaintiff's own testimony. (Adm. Rec. at 18, 19). The ALJ also considered Plaintiff's subjective claims of side effects in the form of limited concentration by incorporating a limitation to work involving only simple instructions. *See Id.* at 20. Thus, substantial evidence supports the ALJ's determination of Plaintiff's residual capacity and ability to find substantial gainful work. New Orleans, Louisiana, this 24TH day of July, 2012.

_____
UNITED STATES DISTRICT JUDGE